United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51528
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

AURELIO ARIAS-RAMIREZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-772-ALL
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:*

     Aurelio Arias-Ramirez (Arias) appeals the 46-month sentence

imposed following his plea of guilty to illegally reentering the

United States after deportation.  He contends that his sentence

was unreasonable in light of the factors set forth in 18 U.S.C.

§ 3553(a).

     Arias's sentence was within a properly calculated advisory

guideline range and is presumed reasonable.  See United States v.

Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).  Giving "great

deference" to such a sentence, and recognizing that the

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing court considered all the factors for a fair sentence under § 3553(a), we conclude that Arias has failed to rebut the presumption that his sentence was reasonable.  See Alonzo, 435 F.3d at 554.

Arias challenges 18 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Arias's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Arias contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Arias properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.